### GRANT et al. v. McLAUGHLIN.

No. 14114—Opinion Filed July 31, 1923.

**1. Brokers—Commission—Contract.**

Where a contract provides that a broker shall receive ten per cent. commission on payments as they are made by the purchaser, and he did receive his commission out of the payments as they were made, but the purchaser made default before final payment was made and foreclosure proceedings were brought to enforce their lien for the balance due and a decree of foreclosure was entered and the property sold, but the money received from the foreclosure sale was ordered by the court applied on a judgment against the plaintiffs in foreclosure, and it was so credited, held, that the broker was entitled to his commission out of the money so credited.

**2. Same—Construction of Contract.**

Where a broker's contract to obtain a purchaser for property is in writing and is clear and unambiguous, it will be enforced according to terms of the contract, and the court will not go outside the contract to find some way to avoid payment of the broker's commission which the court thinks he is clearly entitled to under the contract.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by J. M. McLaughlin against V. V. Grant, Sherman Walker, James K. Moore, and J. W. Keys, a copartnership under the firm name of M. & M. Mining Company. Judgment for plaintiff, and defendants bring error. Affirmed.

Frank Nesbitt, for plaintiffs in error, citing, on proposition that court erred in entering judgment on the pleading. Noland v. Owens 13 Okla. 408, 74 Pac. 954; St. L. & S. F. Ry. Co v. Kerns.. 41 Okla. 167, 136 Pac. 169; Cobble v. Farmers' Nat. Bank, 53 Okla. 814, 158 Pac. 364; Franklin v. Ward, 70 Oklahoma, 174 Pac. 244; Henryetta Spelter Co. v. Guernsey, 82 Okla. 71, 198 Pac. 495; and on the proposition that McLaughlin is not entitled to commission on $22,268.75, which was credited on plaintiff's judgment in the foreclosure proceedings, he cites National Drill & Mfg. Co. v. Davis, 29 Okla. 625, 120 Pac. 976; Clark and Sykes on Agency, section 361, page 816; 31 Cyc., page 1509; McPhail v. Buell (Cal.) 25 Pac. 266; Elliott on Contracts, vol. 3, paragraph 1026; Roach v. McDonald (Ala.) 65 South. 823; 6 Words & Phrases, page 5249; Manton v. Cabot, 4 Hun (N. Y.) 73, 6 Thomp. & C., 203; Murray v. Rickard, 103 Va. 132, 48 S. E. 871.

L. A. Wetzel, for defendant in error, citing McPhail v. Buell (Cal.) 25 Pac. 266; Manton v. Cabot, 3 Hun (N. Y.) 73, 6 Thomp. & Co., 203; Murray v. Rickard, 103 Va. 132, 48 S. E. 871; Roach v. McDonald (Ala.) 65 South. 825; Crane v. Eddy, 191 Ill. 645, 61 N. E. 431, 85 Am. St. Rep. 284; Frank v. Bounevie (Colo.) 77 Pac. 363; Glade v. Ford, 131 Mo. App. 164, 111 S. W. 136; Colvin v. Post Mortgage & Land Co., 225 N. Y. 510, 122 N. E. 454; Alford et al. v. Cook et al., 174 Mass. 120, 54 N. E. 499; Edmund Hugill et al. v. E. F. Weekley et al., 64 W. Va. 210, 61 S. E. 360, 15 L. R. A. (N. S.) 1262; Webber et al. v. Holmes et al., 174 Mass. 410, 54 N. E. 872; Cheatham v. Yarbrough et al. (Tenn.) 15 S. W. 1076; Edmund Hugill et al. v. E. T. Weekley et al., supra; Pinkerton v. Hudson (Ark.) 113 S. W. 35.

Opinion by MAXEY, C. We will refer to the parties as they appeared in the court below. J. M. McLaughlin brought suit against the defendants for $2,268.75, balance due on commission claimed by him for making a sale of certain mining property belonging to the defendants. On the 19th

day of June, 1919. J. W. Keyes, representing the defendants, addressed the following memorandum to the plaintiff, McLaughlin:

"Mr. McLaughlin:                    6-19-19.

"In reference to the option we talked of we have decided to take $150,000 'with terms; commission $15,000; $5,000 cash with your people to have the right to drill not to exceed six 'weeks at the end of six weeks you are to pay $25,000 balance $10,-000 per month.

"Signed

"J. W. Keyes"

—which was McLaughlin's authority for representing the defendants in making the sale of their mining property. On the 16th of July, 1919, McLaughlin consummated a sale of the mining property to the Niangua Mining & Royalty Company for the sum of $150,000; $5,000 cash on that date; $25,000 on the 30th day of August, and $10,000 on the 30th day of each month thereafter until said $150,000 was paid. After this sale was made and terms agreed on, the defendants executed to the plaintiff the following contract:

"Whereas, the M. & M. Mining Company, composed of J. W. Keys, James K. Moore, Sherman Walker, and V. V. Grant, is the owner of property known as the Hare Mine in Ottawa county, Oklahoma, and

"Whereas the owners of said mining property listed the same for sale with J. M. McLaughlin of Miami, Oklahoma, at and for the price of $150,000 and agreed to pay said McLaughlin as commission for sale of mine 10% of the amount mine sold for; and

"Whereas the said McLaughlin on July 16, 1919, sold said mine to the Niangua Mining & Royalty Company at and for the sum of $150,000 due and payable as follows: $5,000 in cash, $25,000 on or before August 30th, and $10,000 on the 30th day of each month thereafter until said $150,-000 is paid.

"Now therefore this evidence that the M. & M. Mining Company, composed of J. W. Keys and others above mentioned, hereby agree to pay to said J. M. McLaughlin 10% out of each of the payments made by the Niangua Mining & Royalty Company on the purchase price of said mine as above set forth as a commission for his services in selling said mine. The payments to be made to said McLaughlin on the date that the Niangua Mining & Royalty Company makes said payments to the M. & M. Mining Company.

"Witness our hands this the 17th day of July, 1919.

"V. V. Grant,
"Sherman Walker by V. V. G.
"Jas. K. Moore.
"J. W. Keys."

This suit requires an interpretation of this contract. The evidence shows that the purchaser, Niangua Mining & Royalty Company, made the payments on said contract until they had paid $118,000 of the purchase price. The Niangua Mining & Royalty Company then defaulted in the payment of the other installments, and a suit was brought to foreclose the lien of defendants on the property. It appears that the M. & M. Mining Company had bought the property from the Hare Mining & Milling Company and was indebted to them on the purchase price in the sum of $32,-966.23; and Niangua Mining & Royalty Company was indebted to the defendants in the sum of $34,500. The lien of the Hare Mining & Milling Company was decreed to be a first lien on the property. The property was sold for $30,000 and the court adjusted the equities among the parties and $22,268.75 of the money due from the Niangua Mining & Royalty Company to the defendants applied on the judgment of the Hare Mining & Milling Company against the defendants.

It is contended by the plaintiff that he is entitled to ten per cent. of the $22,268.75 which went as a credit on the judgment against the defendants in favor of the Hare Mining & Milling Company.

It is contended by the defendants that plaintiff is not entitled to ten per cent. on the amount credited on the Hare Mining & Milling Company's judgment, and they contend that under the contract the plaintiff was to receive ten per cent. of the cash payments of the Niangua Mining & Royalty Company, and that this credit cannot be construed as a cash payment. So it will be seen that the case turns on a construction of the contract herein set out. Counsel for plaintiffs in error has assigned two errors:

(1) The court erred in overruling the defendants' demurrer to the plaintiff's petition, to which ruling the defendants excepted.

(2) The court erred in sustaining the plaintiff's motion for judgment on the pleadings, to which ruling the defendants duly excepted.

We will take these up together, as they both turn on a construction of this contract. The first point raised in brief of plaintiffs in error is that the court erred in entering judgment on the pleadings because there was an issue of fact raised by the pleadings, which would require the intro-

duction of testimony to dispose of. As said in plaintiff's brief, this court has frequently held that a motion for judgment on the pleadings is in the nature of a demurrer, and plaintiff, by filing such motion, admits all of the allegations of the defendants' answer, etc. Now, the question is, Do the third and fourth paragraphs of the defendants' answer make an issue of fact? These paragraphs are as follows:

"Defendants for themselves and on behalf of the M. & M. Mining Company specifically deny that they or any of their agents or representatives ever agreed in open court or any other place that whatever sums were realized from the sale of said property should be applied to the payment of the judgment of the Hare Mining & Milling Company against the M. & M. Mining Company and that to the extent of such payment the judgment of the M. & M. Mining Company against the Niangua Mining & Royalty Company should be credited, and defendants specifically deny that they waived any right they had to have said moneys realized from the sale of said property to be paid over to them, but allege and say that the proceeds of the sale of said property was due to them inasmuch as the property sold was that of the said Niangua Mining & Royalty Company and that said moneys were turned over to said Hare Mining & Milling Company without the leave or consent of these defendants and that same is not payment on the judgment of these defendants against the said Niangua Mining & Royalty Company.

"Defendants further allege that it is provided in their said contract with the plaintiff herein that these defendants should pay the plaintiff 10 per cent. out of the payments made by the Niangua Mining & Royalty Company on the purchase price of said mine as a commission for the plaintiff's service in selling said mine, said payments to be made to the plaintiff on the date that said Niangua Mining & Royalty Company makes said payments to said M. & M. Mining Company. That then and thereby and pursuant to the intentions of said parties when making said contract said payments to be made to plaintiff were made and to be made out of a special fund, to wit, the payments made by the Niangua Mining & Royalty Company to the M. & M. Mining Company and that said payments were according to said contract and pursuant to the intention of the parties at the time of its making to be made on a certain special contingency, to wit, 'on the date that the Niangua Mining & Royalty Company makes the payment to the said M. & M. Mining Co.' That on said special fund on said special contingency alone was the commission to become due the plaintiff and no other. That the defendants and M.

& M. Mining Company have received the sum of $118,000 and according to their contract with plaintiff have paid him the sum of $11,800, that no other payments have ever been made from said Niangua Mining & Royalty Company to said M. & M. Mining Company on said contract and that plaintiff is not entitled to recover any sum or sums as against the M. & M. Mining Company or any of the partners thereof until payments are made as specified in said contract."

If these paragraphs of the answer put in issue any facts that it would be necessary to take testimony on and submit to a jury, then it was error to enter judgment on the pleadings. But if, on the other hand, the matter set up in those two paragraphs does not constitute a defense to plaintiff's cause of action, then the court was right in entering judgment on the pleadings. Let us examine these two paragraphs of the answer. By these two paragraphs of the answer, the defendants admit that they secured a judgment against the Niangua Mining & Royalty Company for balance due them on the purchase price. They further admit that in the same proceedings a judgment was rendered against them for the balance due from them on their purchase price of the mine for which a lien exists in favor of the Hare Mining & Milling Company, and that the amount recovered on their judgment against the Niangua Mining & Royalty Company was applied to the payment of judgment rendered against them in favor of the Hare Mining & Milling Company amounting to $22,268.75. It appears that plaintiff contends that in the foreclosure proceedings, the defendants in this case agreed to the application of the money recovered by them from the Niangua Mining & Royalty Company on the Hare Mining & Milling Company's judgment. This is denied by the defendants in the third paragraph of their answer where they say that they specifically deny that they, or any of their agents, or representatives, ever agreed in open court, or any other place, that this money should be so applied. Now does that raise a question of facts that is necessary to a decision of the case? We think not. A court of equity in the exercise of its powers as a chancellor would have a right to adjust these payments among the parties as it might determine was equitable and just, regardless of whether the parties agreed to it or not. The matter set forth in the fourth paragraph of the answer that defendants' claim raised an issue of fact is simply the construction placed on the contract by the de-

fendants. No question of fact is put in issue by this paragraph, and so far as this error is concerned, the court did not err. So that the only question left in the case is whether the plaintiff is entitled to his ten per cent. commission on the $22,268.75 that was applied as a credit on the judgment of the Hare Mining & Milling Company against the defendants. The defendants contend that under the contract sued on, a payment in money on the purchase price of said mine was contemplated, and that if anything other than money was paid he would not be entitled to his commission. We cannot so construe this contract. The defendants received $22,268.75 as a credit on a judgment against them. It would be a vain thing to say that the money should have been paid into the hands of the defendants by the Niangua Mining & Royalty Company, and then they turn it over to the Hare Mining & Milling Company before plaintiff could recover his commission. The court has a right to adjust the equities among these parties and direct how the money received from a sale on foreclosure of the mortgage against Niangua Mining & Royalty Company should be applied. While the defendants deny in their answer that they agreed to it being paid to the Hare Mining & Milling Company, yet the court did direct how it should be applied, and they did not appeal from the decision and are bound by it. We have carefully considered the question raised by the plaintiffs in error, and must say that counsel for plaintiffs in error has ably briefed and argued his theory of the case; his brief shows research and much study. The same can be said of the brief of defendant in error. But after due consideration of both briefs and of the authorities cited therein, we do not think that they sustain the contention of plaintiffs in error that McLaughlin is not entitled to commission out of this $22,268.75, because it was not paid in money to the defendants. They got the benefit of it just as fully as if the money had been paid into their hands, and by them turned over to the Hare Mining & Milling Company. We think the court was right in entering judgment for $2,268.87, in favor of McLaughlin as his commission on the amount credited on the Hare Mining & Milling Company's judgment. For the reasons stated, the judgment of the court below should be, and is, hereby affirmed.

By the Court: It is so ordered.